**In the Matter of Mettie Teresa McGINNIS, a/k/a Mettie Teresa Kitchens, Debtor.**

**Bankruptcy No. 81–02137A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

March 17, 1982.

Denise Caffrey, Kutak, Rock & Huie, Atlanta, Ga., for petitioner/objector.

Warren Josephson, Doraville, Ga., for respondent/debtor.

## ORDER

A. D. KAHN, Bankruptcy Judge.

Before the court is the objection of Brown Ford Company ("Brown Ford") to the confirmation of the debtor's Chapter 13 plan. The debtor has proposed to pay unsecured creditors such as Brown Ford, one percent (1%) of the total amount of their claims. Under the plan as proposed, payment of allowed unsecured claims would be completed in approximately 11 months. Brown Ford, whose claim of $37,547.18 is based on a consent judgment of the State Court of Tift County, has objected to the plan on the grounds that the plan was not proposed in good faith as required by 11 U.S.C. § 1325(a)(3). Brown Ford urges that the case be dismissed or reconverted to Chapter 7.

Brown Ford decries the proposed amount of payment of a debt it alleges arose out of the debtor's alleged embezzlement, which it asserts would be nondischargeable in a Chapter 7 proceeding. Brown Ford urges that this case, which was originally commenced as a case under Chapter 7 and was subsequently converted to Chapter 13, is a camouflaged Chapter 7. It is also urged that there has been a lack of full disclosure as a result of the debtor's assertion of her Fifth Amendment privilege against self-incrimination in a deposition in state court proceedings and in a deposition taken in connection with the dischargeability litigation commenced in the Chapter 7 case, and that this supposed lack of disclosure supports a finding that the plan was not proposed in good faith. Finally, Brown Ford asserted that the discharge of the debt would be unconstitutional.

For purposes of argument in connection with the confirmation hearing only, the debtor has conceded that the debt to Brown Ford would be a nondischargeable obligation in a Chapter 7, but argues that such a conclusion does not warrant a finding of a lack of good faith.

 The debtor's argument has merit. In *In re Balson*, Case No. 81–00458A (N.D.Ga. Nov. 20, 1981), this court recognized that the nondischargeability of a debt in a Chapter 7 case is irrelevant in a Chapter 13 good faith inquiry at confirmation. *See also Bank of America National Trust and Savings Association v. Slade (In re Slade)*, 15 B.R. 910 (Bkrtcy.App. Panel 9th Cir. 1981).

This conclusion is supported by the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Code"), itself. The Chapter 13 discharge, 11 U.S.C. § 1328, is broader than that provided by Chapter 7, 11 U.S.C. §§ 523(a), –727. As long as the debtor makes the payments required under the plan, the Chapter 13 discharge is of "all debts except alimony, maintenance, or support, and certain long-term obligations specially provided for under the plan." H.Rep.No.95–595, p. 430, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6386, 9 Bkr-L.Ed. Legislative History § 82:21. Only in certain cases of hardship as defined in 11 U.S.C. § 1328(b), are debts arising from the debtor's embezzlement excepted from discharge, 11 U.S.C. § 1328(c)(2). Some lawmakers have acknowledged this aspect of the law, viewing it as a problem.[1] The law has not been changed, however.

1. The bill commonly referred to as the "Technical Amendments Act" contained a provision excepting from the general Chapter 13 discharge not only those debts described in section 523(a)(5) of the Code, but also in sections 523(a)(3), 523(a)(4) (debts from embezzlement excepted from discharge), 523(a)(6), 523(a)(7), 523(a)(8), 523(a)(9). S. 863, p. 90, 9 Bkr.-L.Ed. Legislative History § 81:6 (Supp. Jan. 1982). The report accompanying S. 863 stated in part:

> This amendment is a minor substantive amendment. Without this change, arguably, it would be possible for debtors to propose to pay a nominal amount to creditors holding nondischargeable claims and upon the completion of the plan such claims would be discharged even though the creditors were not entitled as unsecured creditors to vote upon the plan. By this provision, unless nondischargeable debts are paid in full under the plan, creditors holding such claims will retain their rights to collection after the plan is completed.
>
> 9 Bkr.-L.Ed., Legislative History § 81:6 at p. 144.

Moreover, the debtor's exercise of her Fifth Amendment privilege has not been shown to be relevant to the question whether the plan was proposed in good faith and not by any means forbidden by law. It has not been shown that the exercise of the privilege was done in a manner so as to conceal an unlawful act committed by the debtor in connection with the Chapter 13 proceeding, or to conceal an unlawful act that might adversely affect the debtor's petition for relief under Chapter 13 of the Code, or result in possible prosecution for bankruptcy crimes. *See* 18 U.S.C. § 151 *et seq.* While it is true that the invocation of the Fifth Amendment by a party in a civil proceeding is subject to the drawing of an adverse inference by the trier of fact, *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 such is not the case here. The assertions by the debtor were not made in response to questions material to the good faith determination at a Chapter 13 hearing, nor were they made before this court.

Finally, Brown Ford's assertion of unconstitutionality is without merit.

The issue is whether the plan was proposed in good faith and not by any means forbidden by law, 11 U.S.C. § 1325(a)(3).

This court has stated that a crucial element of good faith is full and complete disclosure. *In re Huff*, Case No. 80–02908A (N.D.Ga. June 8, 1981), *aff'd & remanded*, C81–1305A (N.D.Ga. Nov. 20, 1981). It has also been said that good faith means honesty in fact or intent, tempered, under some circumstances, with consideration of the future income of the debtor and the amount of the unsecured claims. *National City Bank of Rome v. Purdy, (In re Purdy)* 16 B.R. 847 (N.D.Ga.1981). When all is said and done, the good faith determination must be made on a case by case basis, based on the totality of the circumstances. Just as there is no per se rule against 1% payment plans, the nondischargeability of a debt in a Chapter 7 case cannot automatically result in a determination that a plan was not proposed in good faith.

In the case at bar, there has been no showing that the debtor has not properly and honestly disclosed facts material to this bankruptcy proceeding, nor that the plan has been proposed in such a way that is forbidden by law. There is no evidence that assets of the estate have been hidden. There has been no showing that the debtor engaged in possible illegal behavior with a fraudulent design to reap its benefits and at the same time evade creditors through bankruptcy. The debtor should not be unjustifiably penalized in this bankruptcy proceeding for exercising her Fifth Amendment rights. The court cannot conclude that the debtor is deriving any benefit other than that provided by law. The court concludes that the debtor's plan comports with 11 U.S.C. § 1325(a)(3), that it should be confirmed, and Brown Ford's objections should be overruled.

IT IS SO ORDERED.